UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1**(b)

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
Counsellors at Law
7 Century Drive - Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorneys for Secured Creditor
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
R.A. LEBRON, ESQ.
862WNI
bankruptcy@feinsuch.com

In Re:

ELLIOT J. PAUL and DIANA PAUL a/k/a DIANA MURPHY

 Debtor(s).

Case No.: 16-15292 JNP

Hearing Date: December 6, 2016

Judge: Hon. Jerrold N. Poslusny, Jr.

Chapter: 13

Order Filed on December 6, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey

Recommended Local Form:  ☒ Followed   ☐ Modified

**ORDER VACATING STAY AND CO-DEBTOR STAY**

The relief set forth on the following page is hereby **ORDERED.**

**DATED: December 6, 2016**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Upon the motion of FEIN, SUCH, KAHN & SHEPARD, P.C., attorneys for the Secured Creditor, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, under Bankruptcy Code section 362(d) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay and co-debtor stay is hereby vacated to permit the movant to institute or resume and prosecute to conclusion one or more action(s) in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

☒ Real property more fully described as:

<u>1109 WINDING DRIVE, CHERRY HILL, NJ 08003.</u>

It is further ORDERED that the co-debtor stays under 11 U.S.C. 1301(c) is vacated as to the co-debtor, <u>EARLENE R. PAUL</u>, to permit JPMORGAN CHASE BANK, NATIONAL ASSOCIATION to pursue its rights in the real property described above and as to the co-debtor.

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.